J. A21030/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GRACE ZANGENBERG, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| APPELLANT | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | No. 2574 EDA 2015 |
| WEIS MARKETS, INC., CONTRAST | : | |
| LLC AND ENTERPRISE SOLUTIONS | : | |
| | : | |
| | : | |
| | : | |

Appeal from the Order Entered August 7, 2015
In the Court of Common Pleas of Monroe County
Civil Division at No(s): 10500-CV-2012

BEFORE: Bender, P.J.E., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                 **FILED NOVEMBER 17, 2016**

Appellant, Grace Zangenberg, appeals from the August 7, 2015 Order entered in the Monroe County Court of Common Pleas granting the Motions for Summary Judgment filed by Appellees Contrast LLC, and Enterprise Solutions and making final the April 2, 2015 Order granting Appellee Weis Markets, Inc.'s Motion for Summary Judgment. After careful review, we affirm on the basis of the trial court's Opinions filed April 2, 2015, and October 23, 2015.

The trial court's Pa.R.A.P. 1925(a) Opinion includes a thorough and complete narrative of the facts and procedural history in this case, which we

adopt for purposes of this appeal. *See* Trial Court Opinion, filed 10/23/15, at 1-3; *see also* Trial Court Opinion, filed 4/2/15, at 5-7. While we will not go into exhaustive detail here, we briefly summarize the case as follows.

On May 23, 2013, Appellant slipped and fell while entering Appellee Weis's store. She did not see anything on the floor before or after she fell. She stated that she "just slipped" and that the floor was very slippery although she did not know why. Trial Court Opinion, filed 4/2/15, at 6. An employee of the store examined the area immediately after Appellant fell, and did not see anything. Appellant's daughter, who did not witness the fall, visited the store a few hours later and noticed a black scuffmark in the area where her mother stated she fell.

In the days leading up to Appellant's fall, Appellee Weis had had the floors of the store cleaned and waxed by Appellees Contrast LLC, and Enterprise Solutions. Following the fall, Appellant sued under a theory of negligence, alleging that a waxy buildup must have caused Appellant's fall and that Appellees "were careless and negligent because they caused and allowed the floor in question to be excessively slippery due to wax." Trial Court Opinion, filed 10/23/15, at 2.

On November 24, 2014, Appellee Weis filed a Motion for Summary Judgment. Following oral argument, the trial court granted the motion by entering an Order and Opinion on April 2, 2015. Appellees Contrast LLC and Enterprise Solutions filed a Motion for Summary Judgment on June 4, 2015,

which the trial court granted in an Order filed on August 7, 2015. On August 25, 2015, Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue:

Whether the [t]rial [c]ourt erred in granting summary judgment in favor of all Appellees when a genuine issues [*sic*] of material fact existed as to the cause of Appellant's fall.

Appellant's Brief at 6.

Our standard and scope of review of a trial court's grant of summary judgment are well-settled:

We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

*Indalex Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 83 A.3d 418, 420 (Pa. Super. 2013) (citation omitted). "[W]here a motion for summary judgment has been made and properly supported, parties seeking to avoid the imposition of summary judgment must show by specific facts in their depositions, answers to interrogatories, admissions or affidavits that there is a genuine issue for trial." *Marks v. Tasman*, 589 A.2d 205, 206 (Pa. 1991) (citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court we conclude that there is no merit to the issue Appellant has raised on appeal. The trial court opinion properly disposes of the questions presented, including a thorough analysis of Pennsylvania jurisprudence regarding slip and fall claims. **See** Trial Court Opinion, filed 4/2/15, at 4-8 (concluding: (i) no genuine issues of material fact existed to preclude summary judgment in favor of Appellee Weis; (ii) Appellant did not offer any evidence that Appellees had actual notice of a dangerous condition; and (iii) Appellant "has not produced any evidence that an application of wax created a dangerous condition so obvious as to amount to evidence [from] which an inference of negligence would arise."). As the trial court aptly summarized: "[Appellant] has only produced the testimony of her daughter who stated that there was a black skid mark on the floor. This is not evidence of improper application of wax which created a dangerous condition. Moreover, [Appellant's] daughter was not present at the time she fell [and could not say that the skid mark was related to her mother's fall]." **Id.** at 5, 7. **See also** Trial Court Opinion, filed 10/23/15, at 13 (incorporating the reasoning of the April 2, 2015 Opinion as to all Appellees).

Accordingly, we affirm on the basis of the trial court's Opinions filed April 2, 2015 and October 23, 2015.

J. A21030/16

The parties are instructed to attach copies of these Opinions to all future filings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2016

Circulated 10/28/2016 02:54 PM

RECEIVED
OCT 23 2015
By 18187

COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA

GRACE ZANGENBERG : 10500 CV 2012
    Appellant :
     :
    vs. :
     :
     :
WEIS MARKETS, INC. and :
CONTRAST, LLC and :
ENTERPRISE SOLUTIONS :
    Appellees : 1925(a) STATEMENT

### STATEMENT PURSUANT TO Pa. R.A.P. 1925(a)

We submit this statement pursuant to Pa. R.A.P. 1925(a), in response to Grace Zangenberg's ("Appellant") Concise Statement of Matters Complained of on Appeal. Appellant appeals this Court's granting of Defendants', Contrast, LLC. And Enterprise Solutions, ("Appellees") Motion for Summary Judgment entered on August 7, 2015. In summary, Appellant complains on appeal that: (1)the Trial Court erred in granting the Defendants' Motion for Summary Judgment as genuine issues of material fact existed as to Defendants' notice of dangerous conditions and as to the cause of her fall; (2)the Trial Court erred in conducting its own independent research and raising arguments not raised by counsel in the grant of the Motion for Summary Judgment; and (3)the Trial Court's Order granting the Motion for Summary Judgment was contrary to the facts of this case.

Plaintiff commenced the first of the consolidated actions on December 12, 2012, by filing a Complaint against defendant, Weis Markets, Inc. Plaintiff commenced the second of the consolidated actions by Praecipe for Writ of Summons filed on November 8, 2013 and on March 28, 2014 by filing a Complaint against defendants Contrast LLC and Enterprise Solution. By

11

Order dated August 29, 2014, this Court approved a Stipulation to Consolidate signed by all counsel and consolidated these two actions for all purposes at docket No. 2012 CV 10500.

In her Complaint against Appellees, Appellant averred that on March 26, 2012, at the Weis Markets store on Route 611 in Tannersville, she was caused to slip on the floor near the podium as a result of the floor being slippery. Appellant averred against both Appellees that they were careless and negligent because they caused and allowed the floor in question to be excessively slippery due to wax. In their Answers to Appellant's Complaint, both appellees denied these averments and denied all liability to Appellant.

Weis Markets contracted with Appellee Enterprise Solutions to provide cleaning services to the store in question in Tannersville, which included bi-annual floor waxing. In turn, Enterprise Solutions subcontracted with Appellee Contrast LLC to provide the actual cleaning services at the Weis Markets in Tannersville. The bi-annual floor waxing is done in sections over a period of several days. Appellee Contrast LLC stripped and waxed the floor of the subject Weis Market from March 22-26 2012. The record provides that while an area of floor is being waxed, the area is cordoned off and there is no access to those areas until the wax is entirely dry. The night prior to Appellant's accident, Appellee Contrast LLC personnel stripped and re-waxed a section of the subject Weis Markets store and finished their work by 6:00 am. The wax used by Contrast LLC takes ten to fifteen minutes to dry. *Exhibit 19 at page* 9. Appellant's accident occurred late in the afternoon. *Zangenberg deposition*, page 22, lines 11-12. Appellant testified at the time of her deposition that she fell because the floor was slippery but she did not know why it was slippery. *Id.*, page 28 line 19 to page 29 line 15. No testimony or evidence was presented that identified the cause of the slippery floor was the floor wax used by appellees. In the "Customer Accident Report" forms produced by the Weis for the two year time period

including the Appellant's fall, none of the forms stated the cause of a fall was due to a slippery floor caused by floor wax. On April 1, 2015, this Court granted the Motion for Summary Judgment of defendant Weis Markets, finding that there were no genuine issues of material facts. We incorporate the factual and procedural history from this Court's Opinion filed April 1, 2015. On September 4, 2015, after Appellant filed a Notice of Appeal, we directed that Appellant file a Concise Statement of Matters Complained of on Appeal. On September 21, 2015, Appellant filed a Concise Statement of Matters Complained of on Appeal.

Appellant's first matter on appeal asserts that this Court erred in granting the Defendants' Motion for Summary Judgment as genuine issues of material fact existed as to Defendants' notice of dangerous conditions and as to the cause of her fall. This relates directly to the Appellant's third matter on appeal that this Court's granting the Motion for Summary Judgment was contrary to the facts of this case. Appellant further argues that this finding was not supported by the record. We incorporate our Opinion, dated April 1, 2015, which addresses the reasoning for finding that there were no genuine issues of fact in respect to the Defendants' notice of dangerous conditions and the cause of Appellant's fall.

The Appellant's remaining argument on appeal is that this Court erred in conducting its own independent research and raising arguments not raised by counsel in the grant of the Motion for Summary Judgment. Specifically, Appellant argues that before this Court's reference to the same, no party in this matter relied upon the factual analysis contained in Myers v. Penn Traffic Co., 606 A.2de 926 (Pa. Super. 1992). Appellant argues this Court erred in conducting independent research and raising arguments not raised by counsel for any party in our grant of the Motion of Summary Judgment in favor of Weis Markets. The case the Appellant is referring to was cited by this Court only in reference to when the burden shifts from the moving party to

13

the non-movant. This Court did not liken the facts of the present case to those in <u>Myers v. Penn Traffic Co.</u>, nor did it decide the present case solely on the facts and decision in <u>Myers v. Penn Traffic Co.</u> As such, the Appellant's arguments on appeal are without merit. For this reason, and for the reasons stated in our April 1, 2015 Opinion, we believe that Appellant's assertions of trial court error are without merit.

BY THE COURT:

STEPHEN M. HIGGINS, J.

cc:  Stephen M. Higgins.J.
     Maureen E. Kelly, Esq.
     John R. McHaffie, Esq.
     James Conaboy, Esq.
     Christopher J. O'Connell, Esq.
     Prothonotary of the Superior Court

2015 OCT 19 PM 3 37
MONROE COUNTY, PA
PROTHONOTARY

14